UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSHUA SABLAN,<br><br>        Plaintiff,<br><br>   v.<br><br>UNITED AIRLINES INC,<br><br>        Defendant. | Case No. 21-cv-04799-CRB (AGT)<br><br>**DISCOVERY ORDER**<br>Re: Dkt. No. 37 |

    After the parties couldn't agree on a schedule for three depositions, the Court set the schedule for them. The Court ordered Patricia DeVere (a United witness) to be deposed on May 24, plaintiff to be deposed on June 1, and Edward Diaz (a United witness) to be deposed on June 8. The Court explained that the parties could stipulate to change one or more of these dates, but that "if no agreement [was] reached, the scheduled dates [would] govern." Dkt. 34.

    It turns out that DeVere, the first deponent, is unavailable on the date set for her deposition. She and her family will be on a cruise that she booked before the Court's prior order. It would have been helpful if United's counsel had told the Court about the cruise in advance, but due to an oversight, it appears that United's counsel didn't know about the cruise. In any event, once United learned about the cruise, it proposed alternative dates for DeVere's deposition and for the depositions of plaintiff and Diaz, with United's proposals keeping the current sequence: United witness, plaintiff, United witness. Plaintiff's counsel didn't agree to United's proposals and instead offered his own. For strategic reasons, he would prefer if plaintiff was deposed last, and so his proposals reflected that preference. That is, plaintiff's counsel said he'd be willing to postpone DeVere's deposition, but in exchange, plaintiff's deposition would need to follow DeVere's and Diaz's. United was (and remains) unwilling to agree to this, accusing plaintiff's counsel of trying "to

extract further depo priority as 'payment' instead of being professional and accommodating to a third-party witness." Dkt. 37 at 4 (emphasis omitted).

As noted above, the Court previously explained that the parties could stipulate to change one or more of the scheduled dates, but that "if no agreement [was] reached, the scheduled dates [would] govern." Dkt. 34. That approach took into account that scheduling conflicts could arise and gave the parties an avenue for addressing them. The Court didn't state that the order of depositions needed to remain unchanged.

The fact is that, now, United needs to modify the schedule more than plaintiff does. So plaintiff is seeking to gain something in exchange. If plaintiff was completely unwilling to move DeVere's deposition, despite DeVere's unavailability, that might warrant judicial intervention. But plaintiff *has* agreed to move DeVere's deposition (*see* dkt. 37 at 6); it's just that United isn't willing to agree to plaintiff's terms, which include moving plaintiff's deposition so that it follows DeVere's and Diaz's. United needs to decide what's more important. Either it agrees to plaintiff's proposal (which isn't unreasonable), or it arranges for DeVere to skip her cruise and to attend the deposition scheduled for May 24. United hasn't shown good cause for modifying the Court's prior order, and the company's request for a protective order is denied.

**IT IS SO ORDERED.**

Dated: May 20, 2022

_____
Alex G. Tse
United States Magistrate Judge