UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSHUA SABLAN,<br><br>           Plaintiff,<br><br>v.<br><br>UNITED AIRLINES INC,<br><br>           Defendant. | Case No.  21-cv-04799-CRB (AGT)<br><br>**DISCOVERY ORDER**<br><br>Re: Dkt. No. 42 |

Some of Joshua Sablan's medical records may be irrelevant in this case, but it's not entirely clear which ones. To shed more light on the records, the following steps must be taken.

1. By August 18, 2022, Sablan must obtain a copy of all his medical records that are in the possession, custody, or control of Sutter Health's Palo Alto Medical Foundation and that are dated between January 1, 2017, and the present.

2. By August 25, 2022, Sablan must create and share with United Airlines a log of all the PAMF medical records he obtains that he hasn't yet produced. For each of those records, the log must include the date of service; the name of the doctor, physician's assistant, nurse, or therapist seen; the provider's specialty (e.g., family medicine, pulmonology, psychiatry); a brief summary of what Sablan was seen for (e.g., asthma, stomach pain, depression); and a statement explaining why the record isn't relevant to the claims and defenses in the case.[1] The parties' stipulated protective order (dkt. 12) will adequately protect Sablan's privacy interest in the information disclosed on the log.

---

[1] On the current record, it would be unreasonable to place the burden on United Airlines to identify the records that *are* relevant. Sablan is suing United Airlines, his former employer, for disability discrimination; but Sablan hasn't clearly identified his disability. *See* Dkt. 42-2 at 28–29, Pl.'s Response to ROG 9 (listing medical absences from work but not identifying, in response to the interrogatory, "each 'physical and/or mental' disability that limited YOUR 'capacity to engage in one or more major life activity'"); *see also* Dkt. 42-1 at 13, Pl.'s Supp. Response to ROG 11 (cataloging medical absences for several medical conditions, including for an unspecified "non-physical condition").

3. By August 31, 2022, the parties must meet and confer to discuss Sablan's log and any disputed entries. If the parties are unable to resolve any dispute over the log and the withheld records, despite good faith efforts, they may file another joint statement with the Court.

**IT IS SO ORDERED.**

Dated: August 12, 2022

Alex G. Tse
United States Magistrate Judge